Alan **HAINSWORTH**, Plaintiff-Appellant,

v.

**ASSOCIATED DRY GOODS**, Defendant-Appellee.

No. 241, Docket 29253.

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1964.

Decided Jan. 7, 1965.

Edmund Clynes, Rochester, N. Y., for plaintiff-appellant.

Harris, Beach, Wilcox, Dale & Linowitz, Rochester, N. Y., for defendant-appellee.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

Plaintiff suffered a fracture through the central portion of his right femur when, proceeding northerly, he drove his truck head-on into the left side of defendant's truck, traveling westerly, at a street intersection controlled by green, amber, and red traffic lights, in Rochester, in the Western District of New York. He brought this diversity negligence action in that district seeking to recover damages for his personal injuries.

The case was tried to a jury which returned a verdict in favor of defendant, and the trial judge subsequently denied plaintiff's motion for judgment notwithstanding the verdict and for a new trial.

The motion for judgment n. o. v. was properly denied. There was sufficient evidence to justify the defendant's verdict and we find no merit in the plaintiff's claims that he is entitled to a new trial because of allegedly prejudicial errors in the admission of testimony at the trial. He contends that it was improper in this civil suit to permit a Rochester police officer who took charge at the accident scene, investigated the accident, and who freed plaintiff from the wrecked truck, to testify to oral admis-

sions plaintiff made to the officer at the scene and some few minutes later at the hospital.

These admissions, relating to whether plaintiff entered the intersection against the red light, were contradictory to plaintiff's testimony at trial. As such, in plaintiff's civil suit, they were admissible against plaintiff under well-known exceptions to the hearsay rule, even though the officer testified that he had not told plaintiff that plaintiff might remain silent, and at the conclusion of the hospital visit told plaintiff he was "going to give him a ticket for going through a red light." IV Wigmore on Evidence (3d ed. 1940) § 1048ff.

Affirmed.